**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-26827-CV-WILLIAMS**

BRENDA RUBALCABA CASTILLO,

Plaintiff,

v.

PANELTRONICS INCORPORATED,

Defendant.
_________________________________/

**ORDER OF REFERRAL AND NOTICE OF COURT PRACTICES AND PROCEDURES IN ADA CASES**

**THIS MATTER** is before the Court *sua sponte*. Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida, it is **ORDERED AND ADJUDGED** that all discovery disputes and non-dispositive pretrial motions in this matter are **REFERRED** to Magistrate Judge Enjoliqué Lett. It is further ordered that the Parties shall adhere to the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, Judge Williams' Court Practices and Procedures, and Judge Lett's Discovery Procedures. Judge Williams' Court Practices and Procedures and Judge Lett's Discovery Procedures are available at the Court's website: https://www.flsd.uscourts.gov/content/judge-kathleen-m-williams and https://www.flsd.uscourts.gov/content/judge-enjolique-lett.

**I. Verified Certificate of Counsel Regarding Any Prior Filings under the ADA**

The Court notes that the Complaint alleges violations by Defendant of the Americans with Disabilities Act ("***ADA***"), codified at 42 U.S.C. §§ 12181 *et seq.*

Accordingly, Plaintiff's counsel shall file with the Clerk of the Court a verified response to this order **WITHIN TEN (10) DAYS** from the date of this order complying with the following requirements:

**A.** If counsel conducted a search of case filings in the records of the Clerk of the United States District Court for the Southern District of Florida to ascertain whether the Defendant or the Defendant's property or website has ever been sued prior to the filing of this suit for any alleged violations of the ADA, counsel shall set forth the results of that search. If such a search was not made prior to filing suit, counsel shall conduct a search of the records prior to responding to this order and indicate the results of that search;

**B.** If there has been a prior suit of the nature referred to in the above paragraph, counsel shall state the present status of that litigation if pending and, if not pending, the nature of the disposition (*i.e.*, settlement, dismissal, etc.);

**C.** If there was such litigation and it was disposed of by settlement, counsel shall furnish to the Court specific details of the settlement, including any agreement for attorneys' fees and costs, either known or ascertainable with reasonable inquiry. Copies of these documents shall be furnished with the response to this Order. Counsel shall also inform the Court whether the Defendant (and/or property and/or website owned by the Defendant and the subject matter of this suit) has complied with any settlement agreement and, if not, what actions Defendant must take to comply with the settlement agreement entered into in the prior litigation; and

**D.** If any efforts were taken by the parties to the prior litigation to enforce the terms of any settlement agreement entered into in any prior litigation, counsel shall describe

these efforts. Specifically, counsel should indicate whether the owner made any of the necessary repairs to the property or website to try to bring it into compliance with the ADA, and if not, what efforts the parties in the prior litigation have taken to enforce the settlement agreement entered into in that prior litigation.

## II. Joint Scheduling Report

**WITHIN TWENTY (20) DAYS** from the date that the last Defendant responds to the Complaint through an answer or Rule 12 motion, the Parties shall file a joint conference report and a joint proposed scheduling order, as required by S.D. Fla. Local Rule 16.1(b). As part of that filing, the Parties shall complete and submit the attached form proposing deadlines.

## III. Joint Filings

Where there are multiple Plaintiffs or Defendants, the Parties **shall file joint motions and consolidated responses and replies** unless there are clear conflicts of position. If conflicts of position exist, the Parties must explain the conflicts in their separate filings. If multiple Defendants have differing deadlines to respond to the complaint, one or more Defendants may need an extension of time to respond to the complaint in order to file a joint response. Those Defendants must confer with opposing counsel, as required by the Local Rules, and then seek relief from the Court regarding an appropriate extension. So long as the disparate deadlines do not result in extensions that will unduly delay the proceedings, the Court will accommodate any request that facilitates the joint filing. If any Defendant has not been served by the time a responsive pleading is due, the Parties must advise the Court as to whether further extensions may be warranted.

## IV. Noncompliance with this Order and the Court's rules

Noncompliance with any provision of this Order, the Federal Rules of Civil Procedure, the Local Rules, this Court's Practices and Procedures, and/or any other Court order, may subject the offending Party to **sanctions,** including **dismissal** of this case. It is the duty of all counsel to take any and all actions necessary to comply with this Order, the aforementioned rules, and all Court orders.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 5th day of October, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. XX-XXXXX-CV-WILLIAMS**

PARTY NAME,

Plaintiff(s),

v.

PARTY NAME,

Defendant(s).
_____________________/

**SCHEDULE JOINTLY PROPOSED BY THE PARTIES**

THIS MATTER is set for trial for the week of [Month, Day, Year]. The Parties propose to adhere to the following schedule:

| | |
|---|---|
| [Month, Day, Year] | The Parties shall furnish their initial disclosures pursuant to Fed. R. Civ. P. 26. The Parties are under a continuing obligation to furnish supplements within ten (10) days of receipt or other notice of new or revised information. |
| [Month, Day, Year] | The Parties shall file motions to amend pleadings or join Parties. |
| [Month, Day, Year] | Plaintiff(s) shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| [Month, Day, Year] | Defendant(s) shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |

| | |
|---|---|
| [Month, Day, Year] | The Parties shall exchange rebuttal expert witness summaries and reports, as required by Fed. R. Civ. P. 26(a)(2). |
| [Month, Day, Year] | The Parties shall complete all discovery, including expert discovery. |
| [Month, Day, Year] | The Parties shall complete mediation and file a mediation report with the Court. |
| [Month, Day, Year] | The Parties shall file all dispositive pre-trial motions and memoranda of law. The Parties shall also file any motions to strike or exclude expert testimony, whether based on Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or any another basis. |
| [Month, Day, Year] | The Parties shall each file one motion *in limine*. All motions *in limine* must be filed at least six (6) weeks before Calendar Call. |
| [Month, Day, Year] | The Parties shall file their joint pretrial stipulation, witness lists, and exhibit lists in accordance with Local Rule 16.1(d) and (e). The Parties shall also file proposed jury instructions and a proposed verdict form, or statement of fact and conclusions of law (for non- |

jury trials). The Partis shall also file their deposition designations.

By: [**Attorney(s) for Plaintiff(s)**] [**Attorney(s) for Defendant(s)**]