UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-26827-WILLIAMS/LETT

BRENDA RUBALCABA CASTILLO,

Plaintiff,

vs.

PANELTRONICS INCORPORATED,

Defendant.
_____________________________/

PLAINTIFFS' MOTION FOR RELIEF FROM ORDER OF REFERRAL AND NOTICE OF COURT PRACTICES AND PROCEDURES IN ADA CASES

Plaintiff, Brenda Rubalcaba Castillo, pursuant to Local Rule 16.1, requests that the Court relieve the parties from the Order of Referral and Notice of Court Practices and Procedures in ADA Cases [ECF No. 4] based on the following good cause:

1. Ms. Rubalcaba filed the Complaint in this case, alleging the following claims against the Defendant, Paneltronics, Incorporated:

a. Count I – Violations of the Florida Civil Rights Act

i. Count IA – Pregnancy Discrimination (Disparate Treatment);

ii. Count IB - Pregnancy Discrimination (Hostile Work Environment);

iii. Count IC – Retaliation

b. Count II – Violations of the Pregnant Workers Fairness Act

i. Count IIA – Discrimination

ii. Count IIB – Retaliation

c. Count III – Violations of the Title I of the ADA

i. Count IIIA – Discrimination

ii. Count IIIB – Retaliation

d. Count IV – Family and Medical Leave Act Violations

i. Count IVA – Failure to Notify

ii. Count IVB – Interference

iii. Count IVC – Retaliation

e. Count V – Florida Civil Rights Act Violations

i. Count VA –Discrimination (Disparate Treatment);

ii. Count BB - Pregnancy Discrimination (Hostile Work Environment);

iii. Count BC – Retaliation

[ECF No. 1.]

2. Plaintiff's claims, as alleged in the Complaint [ECF No. 1], concern Defendant's treatment of her as an employee of Defendant and its termination of her employment.

3. The Court entered its Order of Referral and Notice of Court Practices and Procedures in ADA Cases on October 5, 2026 (the "ADA Order") [ECF No. 4].

4. The Court's ADA Order seems to address issues that arise in cases brought under Title III of the ADA, involving accessibility issues of real property or of websites, not cases involving employment discrimination brought under Title I of the ADA. Id.

5. This Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); also see Clinton v. Jones, 520 U.S. 681, 706-707 (1997).

6. Considering that the gravamen of the Complaint [ECF No. 1] involves allegations of employment discrimination and retaliation, justice would best be served by relieving the parties of the requirements imposed by the ADA Order [ECF No. 4].

7. Consequently, Plaintiff requests that the Court relieve her (and the parties) of the ADA Order's requirements of Section I – Verified Certificate of Counsel Regarding Any Prior Filings under the ADA, since this case involves allegations of employment discrimination and retaliation, not accessibility.

WHEREFORE, Plaintiff, Brenda Rubalcaba Castillo, requests that the Court enter an Order relieving the parties of the requirements imposed by Section I of the ADA Order and/or granting comparable relief from the ADA Order in light of the good cause shown above.

Respectfully submitted this 9th day of October 2026,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
Counsel for Plaintiff