UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-CV-26827-KMW

BRENDA RUBALCABA CASTILLO,

Plaintiff,

vs.

PANELTRONICS INCORPORATED,

Defendant.
_______________________________________/

**DEFENDANT PANELTRONICS INCORPORATED'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [D.E. 1]; INCORPORATED MEMORANDUM OF LAW**

Defendant Paneltronics Incorporated ("Defendant" or "Paneltronics"), through undersigned counsel, respectfully moves to dismiss Brenda Rubalcaba Castillo's ("Plaintiff" or "Castillo") Complaint [D.E. 1] and, in support thereof, states as follows:

## I. Summary of Plaintiff's Allegations

Plaintiff's complaint asserts thirteen different causes of action for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I, subparts A, B, and C), the Pregnant Workers Fairness Act ("PWFA") (Count II, subparts A and B), the Americans with Disabilities Act (the "ADA") (Count III, subparts A and B), Family Medical Leave Act (Count IV, subparts A, B, and C), and/or the Florida Civil Rights Act (the "FCRA") (Count V, subparts A, B, and C). All of Plaintiff's claims are based upon the allegation that she was female, pregnant, and disabled (due to her pregnancy) when she resigned from her Account Specialist position at Paneltronics. *See* Compl., Counts I-V. For the reasons explained below, each of these causes of action is subject to dismissal due to Plaintiff's failure to plead one or more of the necessary elements of each claim.

## II. Memorandum of Law

### A. Motion to Dismiss for Failure to State a Claim Standard.

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Thus, "[a] plaintiff must plausibly allege all the elements of the claim for relief. Conclusory allegations and legal conclusions are not sufficient; the plaintiff must state a claim to relief that is plausible on its face." *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017).

"On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Davila v. Delta Airlines, Inc.*, 326 F.3d 183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.").

Conclusory allegations of sex and pregnancy discrimination and retaliation are insufficient to withstand dismissal. *See e.g.*, *Lirio v. Shaner Operating Corp.*, No. 4:21-CV-10118-JLK, 2022 WL 310121, *2 (S.D. Fla. Feb. 2, 2022) (dismissing complaint alleging sex discrimination, pregnancy discrimination, and retaliation based upon conclusory allegations lacking factual support); *Segovia v. Hollister Co.*, No. 17-20945-CIV-MORENO, 2017 WL 9324775, *2 (S.D. Fla. Jun. 16, 2017) ("Even if a complaint addresses each of the elements of the [pregnancy discrimination claim], courts will dismiss the complaint if it falls short of the *Twombly* and *Iqbal*

pleading standards.”).

**B. Count I$_A$ – Title VII Pregnancy Discrimination (Disparate Treatment) and Count V$_A$ – Discrimination in Violation of the FCRA (Disparate Treatment) Should be Dismissed Because Plaintiff Fails to Allege that She Was Treated Differently from Similarly Situated Non-Pregnant Employees**

The Pregnancy Discrimination Act (“PDA”) is part of Title VII and prohibits discrimination against a woman because of pregnancy, childbirth, or a related medical condition. 42 U.S.C. § 2000e(k).

Similar to Title VII, FCRA prohibits discrimination against individuals belonging to a protected class. Fla. Stat. § 760.01. Florida courts have noted that the FCRA was patterned after Title VII and, therefore, is guided by the analysis under the federal standard for pregnancy discrimination and retaliation claims. *See DuChateau v. Camp, Dresser & McKee, Inc.*, 713 F.3d 1298, 1302 (11th Cir. 2013) (noting a pregnancy discrimination claim under FCRA “would be construed in the same manner as a cause of action for pregnancy discrimination under Title VII”).

To proceed with an employment discrimination claim under either statute, a plaintiff must establish the same *prima facie* case of discrimination. *See id*.

To establish a claim a prima facie case of any type of employment discrimination, a plaintiff must demonstrate that she (1) belongs to a protected group; (2) was qualified for the job; (3) suffered from an adverse employment action; and (4) other <u>similarly situated employees</u> outside the plaintiff's class were not subject to the same action. *Lewis v. City of Union City, G.A.*, 918 F. 3d 1213, 1220-1221 (11th Cir. 2019) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973)) (emphasis added).

The question of who is “similarly situated” employee, otherwise referred to as a “comparator” is a seminal one, and prompts an inquiry as to whether the proposed “comparator” is “similarly situated in all material respects.” *See id*. at 1218, 1226. Furthermore, this

determination must be made at the *prima facie* stage of the case. *See id*. at 1218, 1224.

Here, Plaintiff fails to allege, as required, that there were non-pregnant Account Specialists who had the same job duties and responsibilities she had and that those other Account Specialists were treated more favorably than Plaintiff. Although in paragraphs 23, 49, 65-66, and 173 of her complaint, Plaintiff alleges in a conclusory fashion that she was treated less favorably than similarly situated employees, she fails to identify any such employees. These types of conclusory allegations are insufficient to withstand dismissal. *See e.g.*, *Lirio*, No. 4:21-CV-10118-JLK, 2022 WL 310121, at *2; *Segovia,* No. 17-20945-CIV-MORENO, 2017 WL 9324775 at *2.

Notably, Title VII requires only that the employer treat pregnancy as it would treat any other temporary incapacity; it does not require favored treatment of pregnancy. Thus, in *Armindo v. Padlocker, Inc.*, 209 F.3d 1319 (11th Cir. 2000), the court held that an employer does not violate the PDA when it discharged the plaintiff for excessive absences, even though her absences were the result of her pregnancy, unless the employer overlooks comparable absences of non-pregnant employees. 209 F.3d at 1320.

In this case, Plaintiff fails to identify comparators that are "similarly situated in all material respects" and that these comparators engaged in misconduct of comparable seriousness to that of plaintiff (*i.e.*, tardiness, absences, and poor job performance) but did not receive similar consequences. Therefore, Count IA – Title VII Pregnancy Discrimination and Count VA – Discrimination in Violation of the FCRA should be dismissed because Plaintiff fails to specifically identify the similarly situated non-pregnant employees that received favorable treatment, as required under Title VII, the FCRA, *Twombly*, and *Iqbal.*

**C. Count I<sub></sub>B – Title VII Pregnancy Discrimination (Hostile Work Environment), Count Ic – Title VII Retaliation, Count IIB – PWFA Retaliation, Count IIIB – ADA Retaliation, Count IVc – FMLA Retaliation, Count VB – Discrimination in Violation of the FCRA (Hostile Work Environment), and Count Vc – FCRA Retaliation and Should be Dismissed Because Plaintiff Fails to Sufficiently Establish Constructive Discharge and Fails to Allege that She Reported the Alleged Conduct to Paneltronics and Gave Defendant Sufficient Opportunity to Address Her Complaints**

Paneltronics did not discharge Plaintiff. She resigned. In her complaint, she claims that her resignation was tantamount to a "constructive discharge." Therefore, in order to state a cause of action for retaliation of any sort, she has to allege allegations beyond mere friction, ordinary supervision, or workplace unpleasantness. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1231 (11th Cir. 2001).

Cases where constructive discharge is found often involve drastic action such as being "stripped of all responsibility, given only a chair and no desk, and isolated from conversations with other workers." *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551 (11th Cir. 1997). None of those factors are alleged here. Indeed, Plaintiff alleges the exact opposite: that she was forced out of isolation and required to eat lunch in the lunchroom like everyone else and conform to Defendant's open floor plan. *See* Compl., ¶¶¶ 36, 39, 69.

"The law in this circuit with respect to constructive discharge is well-established. To show constructive discharge, the employee must prove that his working conditions were so difficult or unpleasant that a reasonable person would have felt compelled to resign." *Wardwell v. School Bd. of Palm Beach County, Florida*, 786 F.2d 1554, 1557 (11th Cir. 1986). Before finding a constructive discharge, the Eleventh Circuit has traditionally required a high degree of deterioration in an employee's working conditions, approaching the level of "intolerable." *Wardwell*, 786 F.2d at 1558 (holding that an employer's failure to promote and consequent embarrassment to employee, together with employee's added workload, "simply do not rise to the

intolerable level at which a reasonable person would feel compelled to resign").

Accordingly, the Eleventh Circuit sets a minimum threshold for constructive discharge claims. "[A] plaintiff's subjective feelings about his employer's actions" will not be considered. *Doe v. DeKalb County School Dist.*, 145 F.3d 1441, 1450 (11th Cir. 1998). "Rather, we determine whether 'a reasonable person in [the plaintiff's] position would be compelled to resign.'" *Id.* (*quoting Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1317 (11th Cir.1989)). The Eleventh Circuit has defined a reasonable employee as one who does not "assume the worst" or "jump to conclusions too fast." *Garner v. Walmart Stores, Inc.*, 807 F.2d 1536, 1539 (11th Cir.1987) (affirming summary judgment in discrimination case where employee quit after one day in self-perceived unacceptable position). Thus, "a constructive discharge claim does not present a jury issue unless a plaintiff produces substantial evidence that conditions were [objectively] intolerable." *Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1155 (11th Cir. 2002) *(citing Hill v. Winn Dixie Stores, Inc.*, 934 F.2d 1518, 126-27 (11th Cir.1991) ("[b]efore finding a constructive discharge, this court has traditionally required a high degree of deterioration in an employee's working conditions, approaching the level of 'intolerable'").

This is a high standard that is hardly, if ever, satisfied by an employee who claims discrimination. *See, e.g., Steele v. Offshore Shipbuilding, Inc.*, 867 F. 2d 1311, 1317 (11th Cir.1989) (affirming lower court holding that did not find constructive discharge); *Huddleston v. Roger Dean Chevrolet, Inc.*, 845 F. 2d 900, 905 (11th Cir.1988) (finding no basis for constructive discharge); *MacKenzie v. City of Miami Beach*, No. 07-21357-civ-UNGARO, 2008 WL 11331842, at *13 (S.D. Fla. Apr. 16, 2008) (finding no evidence of constructive discharge); *Aguirre v. City of Miami*, No. 04-23205-civ, 2007 WL 2700579, at *6 (S.D. Fla. Sept. 12, 2007) (overturning jury verdict, finding as a matter of law, no constructive discharge); *Durley v. APAC,*

*Inc.*, 236 F. 3d 651, 658 (11th Cir. 2000) (holding plaintiff failed to proffer sufficient evidence to permit reasonable jury to find constructive discharge in retaliation claim when plaintiff alleged disparaging remarks about medically necessary absences, smaller bonus than coworkers, and workplace acrimony); *Pipkins v. City of Temple Terrace*, 267 F. 3d 1197, 1201 (11th Cir. 2001) (receiving poor evaluations insufficient for constructive discharge); *Rio v. Runyon*, 972 F. Supp. 1446, 1459-60 (S.D. Fla.1997) (brusque management style, coupled with "adolescent, rude, or insensitive comments" not sufficient for finding of retaliatory discharge).

Furthermore, an employee generally cannot claim constructive discharge if they resign without giving the employer reasonable time or notice to investigate and remedy the allegedly intolerable conditions. *Kilgore v. Thompson & Brock Management, Inc.*, 93 F.3d 752, 754 (11th Cir. 1996) ("A constructive discharge will generally not be found if the employer is not given sufficient time to remedy the situation.").

Based upon the foregoing case law, Plaintiff's allegations of comments regarding her pregnancy clothing, raised voices, and allegedly being forced out of isolation and required to eat lunch in the lunchroom like everyone else in conformity with Defendant's open floor plan (Compl., ¶¶ 36, 39, 41, 52, 69) do not rise to the level of a constructive discharge claim, as a matter of law. Furthermore, Plaintiff fails to allege in her complaint that she gave Paneltronics sufficient notice to remedy the alleged situation before resigning.

As a matter of fact, in direct contradiction to her claim for constructive discharge, Plaintiff alleges that "[h]ad Defendant notified Ms. Rubalcaba that it did not qualify under the FMLA or that she was not FMLA-eligible before April 9, 2025, she would have either continued working during her remaining pregnancy, made alternate arrangements to either return to work earlier and/or utilize her PTO and vacation time differently in advance of the birth of her child, so as to

protect her employment and return to work after the birth of her child without issue." *See* Compl., ¶ 142. In other words, by Plaintiff's own allegations, she quit because she thought her leave would be FMLA-eligible and not because of anything that Paneltronics did. Presumably, if working conditions were so poor, Plaintiff would not have wanted to continue working at Paneltronics.

Because Count $I_B$ – Title VII Pregnancy Discrimination (Hostile Work Environment), Count Ic – Title VII Retaliation, Count $II_B$ – PWFA Retaliation, Count $III_B$ – ADA Retaliation, Count IVc – FMLA Retaliation, Count $V_B$ – Discrimination in Violation of the FCRA (Hostile Work Environment), and Count Vc – FCRA Retaliation are all predicated on Plaintiff being able to sufficiently establish that Paneltronics constructively discharged her (Compl., ¶¶ 54, 156, 184) – a fact that Plaintiff has been unable to satisfactorily plead – all of these counts should be dismissed. Dismissal is also proper because Plaintiff fails to allege that she reported the alleged conduct to Paneltronics and gave Defendant an opportunity to address her complaints.

**D. Count $I_A$ – PWFA Discrimination and Count $III_A$ – ADA Discrimination Fail to Properly Allege that the Interactive Process Failed Due to Paneltronics**

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to … employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112, et. seq. "To establish a prima facie case of employment discrimination under the ADA, a plaintiff must show that, at the time of the adverse employment action, [she] had a disability, [she] was a qualified individual, and [she] was subjected to unlawful discrimination because of [her] disability." *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014).

A "qualified individual" for purposes of employment discrimination claims is defined as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. 12111(8).

To be considered a "qualified individual," the individual must be able to perform his job adequately. *See Hedberg v. Indiana Bell Telephone Co., Inc.*, 47 F.3d 928, 934 (7th Cir. 1995). "The ADA is not a job insurance policy, but rather a congressional scheme for correcting illegitimate inequities the disabled face." *Id.*; *see also Dey v. Milwaukee Forge*, 957 F. Supp. 1043, 1050 (E.D. Wis. 1996) ("a person who does not perform the job adequately is not a qualified individual.").

When determining whether a job function is an "essential function," a court will consider "the employer's judgment, written job descriptions, the amount of time spent on the job performing the function, the mention of the function in a collective bargaining agreement, the work experience of past employees in the position, and the work experience of current employees in similar positions." *Stevens v. Rite Aid Corp.*, 851 F.3d 224, 228–29 (2d Cir. 2017) (*quoting McMillan v. City of New York*, 711 F.3d 120, 126 (2d Cir. 2013)); see also 29 C.F.R. 1630.2(n)(1).

Generally, an employee has a duty to request an accommodation, which then triggers the employer's obligation to enter into an interactive process to determine a reasonable accommodation. *See* 29 C.F.R. § 1630.9 ("It is the responsibility of the individual with a disability to inform the employer that an accommodation is needed").

"Under the PWFA, the plaintiff must state: (1) she had a medical condition related to the pregnancy; (2) she was placed on work restrictions by a medical professional; (3) she is requesting reasonable accommodations; and (4) the defendant failed to accommodate those restrictions." *Patel v. Baycare Health System, Inc.,* Case No. 8:24-cv-01886-WFJ-AAS, 2026 WL 181504, at *10 (M.D. Fla. May 27, 2026).

The PWFA's effective date of June 2023 means that caselaw interpreting it is scant and few federal courts that have considered PWFA claims have largely treated them as analogous to

ADA claims. *Patel* at *9. Indeed, the PWFA explicitly incorporates the ADA's definition of "reasonable accommodation." *See* 42 U.S.C § 2000gg(7). "The employee has the burden of identifying an accommodation and demonstrating that it is reasonable." *Patel* at *11 (*citing Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255–56. (11th Cir. 2001)).

Here, Plaintiff admits that when she requested time off for her medical appointments, she was granted a full day of leave. (Compl., ¶¶ 95, 123, 149, 177). Thus, Plaintiff complains not that she was not accommodated but that she was *overly* accommodated. However, Plaintiff fails to allege that granting her a full day off – rather than a disruptive half day of work – was unreasonable as a matter of law. The PWFA and analogous ADA principles hold that an employer cannot be held liable where the employee's own intractability causes the interactive process to breakdown. *Patel* at 13. Thus, Plaintiff's claims for PWFA Discrimination (Count IA ) and ADA Discrimination (Count IIIA) fail to sufficiently allege that the interactive process failed due to Paneltronics, and not because of Plaintiff. *See Patel* ("Even when construing the evidence in the light most favorable to Plaintiff, any failure in the interactive process must be attributed to the Plaintiff because she rejected BayCare's various reasonable accommodations, and her demand for extended remote work was unreasonable.").

**E. Count IV$_{A}$ – FMLA Failure to Notify and Count IV$_{B}$ – FMLA Interference Fail as Matter of Law Because Paneltronics Employs Less Than Fifty Employees**

It is undisputed that to be a covered employee under the FMLA, an employer must employee fifty or more employees for each working day during each of 20 or more calendar workweeks in the preceding year. *See* 29 U.S.C. § 2611(4)(A)(i). Here, Plaintiff concedes that Defendant failed to meet this coverage requirement. *See* Compl., ¶ 140. Therefore, Count IVA – FMLA Failure to Notify and Count IVB – FMLA Interference fail as matter of law because Paneltronics employs less than fifty employees.

## II. Conclusion

For the foregoing reasons, each of the Plaintiff's thirteen causes of action is subject to dismissal due to Plaintiff's failure to plead one or more of the necessary elements of each claim.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss the Complaint [D.E. 1] and grant Defendant any other relief this Court deems just and proper.

Dated: November 18, 2026

Respectfully submitted,

LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
*Counsel for Defendant*
Miami Tower
100 SE 2nd Street, 36th Floor
Miami, FL 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

By: /s/ *Jezabel P. Lima*
JEZABEL P. LIMA
Florida Bar No. 519431
Primary email: jl@lklsg.com
Secondary email: acd@lklsg.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which sends a notice of electronic filing to all counsel of record on the attached service list.

By: /s/ *Jezabel P. Lima*
JEZABEL P. LIMA

**Service List**

Brian H. Pollock
brian@fairlawattorney.com
Katelyn Schickman
katie@fairlawattorney.com
FAIRLAW FIRM

135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
*Attorneys for Plaintiff*